## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Aryeh Breier | Civil Action No: 1:21-cv-2057 |
| **Plaintiff,** | **COMPLAINT** |
| | **DEMAND FOR JURY TRIAL** |
| -v.- | |
| Aargon Agency Inc. | |
| **Defendant(s).** | |

Plaintiff Aryeh Breier (hereinafter referred to as "Plaintiff") brings this Complaint by and through his attorneys, Stein Saks, PLLC, against Defendant Aargon Agency Inc. (hereinafter referred to as "Defendant"), based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

### INTRODUCTION/PRELIMINARY STATEMENT

1.      Congress enacted the Fair Debt Collection Practices Act ("the FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

1

2.      Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws ·were inadequate. *Id* l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

## JURISDICTION AND VENUE

3.      The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides, as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5.      Plaintiff brings this action under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6.      Plaintiff is seeking damages and declaratory relief.

## PARTIES

7.      Plaintiff is a resident of the State of New York, County of Kings.

8.      Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6).

9.      Upon information and belief, Defendant uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

2

**FACTUAL ALLEGATIONS**

10.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

11.     Some time prior to March 3, 2021, an obligation was allegedly incurred to PSEG Services Corporation for energy consumption.

12.     The PSEG Services Corporation obligation allegedly arose out of transactions in which money, property, insurance or services, which are the subject of the transaction, were primarily for personal, family or household purposes, specifically medical services.

13.     The Plaintiff is a "consumer" as defined by 15 U.S.C.§ 1692a (3) as he is allegedly obligated to pay the subject debt to PSEG Services Corporation. Therefore, all of the FDCPA provisions protect the Plaintiff, despite the fact that he is erroneously treated as a debtor by the Defendant.

14.     Specifically, the alleged PSEG Services Corporation transaction relates to household energy consumption. However, the Plaintiff never incurred the subject debt and believes the debt is erroneously associated with his name.

15.     The alleged PSEG Services Corporation obligation is a "debt" as defined by 15 U.S.C.§ 1692a (5).

16.     PSEG Services Corporation is a "creditor" as defined by 15 U.S.C.§ 1692a (4).

17.     Upon information and belief, PSEG Services Corporation contracted with the Defendant to collect the alleged debt.

18.     Defendant is a "debt collector" as defined by 15 U.S.C.§ 1692a (6).

19.     Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*March 3, 2021 Collection Letter*

*Violation 1*

20.     On or about March 3, 2021, Defendant sent the Plaintiff a collection letter (the "Letter") regarding the alleged debt owed to PSEG Services Corporation. (**See a true and correct copy of the Letter attached hereto as Exhibit A.**)

21.     Regarding the debt itself, Plaintiff maintains that the subject debt is erroneously associated with his name. Therefore, as he does not owe the subject debt to the creditor, the Letter falsely represents the character and legal status of the debt.

22.     To send a collection letter to a person that is not personally liable for the debt is nothing short of direct harassment.

*Violation 2*

23.     Additionally, in the collection letter, the Defendant offers the Plaintiff a settlement option with a 40% discount if he makes a payment in full within 30 days of receipt of the Letter. The Defendant further states "[a]fter this date, we reserve the right to modify the offer, or revoke it entirely."

24.     When a debt collector solicits payment from a consumer, it must, within five days of an initial communication, provide the consumer with a written validation notice which must include the following information:

        (1) the amount of the debt;

        (2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, <u>within thirty days after receipt of the notice</u>, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. 15 U.S.C. § 1692g(a).

This is known as the "G Notice."

25.     While the March 3, 2021 letter contains the requisite "G-Notice," it does so in a contradictory fashion and leads to confusion.

26.     Although a collection letter may track the statutory language, "the collector nonetheless violates the Act if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty." <u>Russel v. EQUIFAX A.R.S.</u>, 74 F.3d 30, 35 (2d Cir. 1996).

27.     Tempting a consumer with a significantly discounted settlement offer in the same letter with the "G Notice" is confusing. The least sophisticated consumer would believe, as did the Plaintiff, that he has to make a decision between seizing his chance to gain a limited-time settlement offer or disputing the debt under the Fair Debt Collection Practices Act.

28.     The options presented by the Defendant seem mutually exclusive. A consumer can either choose the discounted settlement or to dispute the claim, but not both.

29.     The presentation of this choice by the Defendant misled the Plaintiff consumer into believing that disputing the debt would ruin his chance of obtaining a good settlement offer.

30.     Furthermore, by limiting the time to accept settlement to the same 30-day dispute period, the consumer is further led to believe that he has a choice to either pay and accept the settlement before it is too late or to dispute and possibly lose the settlement opportunity.

31.     Therefore, the consumer can easily be coerced into paying immediately to avoid the risk of losing the enticing offer rather than actually dispute the debt. Although it is generally beneficial to consumers to offer discounted settlement offers, in the context of a G-notice letter, discounted settlement offers that expire prior to 30 days serve to negate the option of disputing a debt.

32.     Defendant's letter directly affects the consumer's right to dispute the debt within 30 days as it serves to create pressure to quickly accept settlement, undermining the consumer's 30-day right to dispute.

33.     As a result of Defendant's deceptive, misleading and false debt collection practices, Plaintiff has been damaged.

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e**
***et seq.***

34.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

35.     Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

36.     Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

37.    Defendant violated §1692e:

    a.    As the letter falsely represents the true character and legal status of the debt in violation of §1692e (2); and

    b.    By making a false and misleading representation in violation of §1692e(10).

38.    The Defendant's action of sending a collection letter to a person who is not liable for this alleged debt is violation of §1692e (2).

39.    Additionally, the Defendant's statements were misleading, in violation of 15 U.S.C. § 1692e because, read as a whole, the least sophisticated consumer may reasonably believe that he may have no dispute rights if he accepts the settlement because Defendant did not describe his dispute rights if he were to accept the settlement.

40.    By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692f**
*et seq.*

41.    Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

42.    Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

43.    Pursuant to 15 U.S.C. §1692f, a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

44.    Defendant violated §1692f:

a.   As the debt is erroneously associated with the Plaintiff the amount of the subject debt is not expressly authorized by the agreement creating the debt or permitted by law in violation of §1692f (1).

45.   By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

46.   Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from the Defendant as follows:

a)   For actual damages provided and pursuant to 15 U.S.C. § 1692k(a)(1);

b)   For statutory damages provided and pursuant to 15 U.S.C.   § 1692k(a)(2)(A);

c)   For attorney fees and costs provided and pursuant to 15 U.S.C. § 1692k(a)(3);

d)   For declaratory relief stating that Defendant violated the FDCPA; and

e)   For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated: April 15, 2021                    Respectfully Submitted,

**STEIN SAKS, PLLC**

**/s/ Tamir Saland**
Tamir Saland, Esq.
285 Passaic Street
Hackensack, NJ 07601

8

Ph:  201-282-6500 ext. 122
Fax: 201-282-6501
tsaland@steinsakslegal.com
*Counsel for Plaintiff*